Case 4:15-cv-02720 Document 20 Filed in TXSD on 03/07/17 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANNY GARZA, §<br>#00544321, §<br>§<br>Petitioner, §<br>VS. §    CIVIL ACTION NO. H-15-2720<br>§<br>LORIE DAVIS, §<br>§<br>Respondent. | |

## MEMORANDUM AND ORDER

The petitioner, Danny Garza, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging the calculation of his sentence based on the forfeiture of street-time and good-time upon the revocation of his parole. Pending is Respondent's[1] Motion for Summary Judgment (Docket Entry No. 17), to which Petitioner has filed no response. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the motion, the state court records, and the applicable law, the Court will grant Respondent's motion and will dismiss this action for the reasons explained below.

**I.    Background**

Petitioner is currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (collectively, "TDCJ") as the result of a 1990 felony conviction for aggravated assault with a deadly weapon in Harris County cause number 560247.[2]

---

[1] Effective May 1, 2016, Lorie Davis succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Davis is substituted in place of Stephens as the respondent in this case.

[2] Affidavit of Charley Valdez, Docket Entry No. 17-1 at 3.

Petitioner was sentenced to twenty-five years in prison for that offense on April 2, 1990.[3] On January 14, 1999, Petitioner was released from TDCJ custody to parole.[4] While out on parole, Petitioner was arrested and charged with delivery of cocaine in Harris County cause number 843203 and was convicted and sentenced to ten years' imprisonment on May 1, 2000.[5] Petitioner's parole in cause number 560247 was revoked as a result of the cocaine charge.[6] Petitioner forfeited 1 year, 4 months, and 11 days of street-time but received jail credit from May 25, 2000 to the date of his release from TDCJ custody to parole on April 1, 2004.[7] On August 18, 2004, Petitioner was convicted and sentenced to five years' imprisonment for burglary of a building in Harris County cause number 996172, and his parole in cause number 560247 was revoked again on September 1, 2004.[8] He was released from TDCJ custody to parole on July 5, 2010.[9]

From July 27, 2011 to March 22, 2014, multiple pre-revocation warrants for Petitioner's arrest were issued.[10] According to Respondent, Petitioner received jail credit for the days he spent in jail pursuant to those warrants.[11] On June 9, 2014, Petitioner's parole was revoked, and he was transferred to TDCJ custody on July 1, 2014. According to the record, he has received

---

[3] Docket Entry No. 1 ("Petition") at 2.

[4] Affidavit of Charley Valdez at 3.

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

jail credit from May 31, 2014 to the present.[12]

On January 30, 2015, Petitioner filed a state writ application challenging the calculation of his sentence.[13] On November 25, 2015, the Texas Court of Criminal Appeals dismissed Petitioner's state writ.[14] On July 2, 2015, Petitioner filed a Time Dispute Resolution Form with the Classification and Records Department ("CRD") of the TDCJ to challenge the calculation of his sentence.[15] That same day, CRD advised Petitioner that adjustments were made to his time based on parole warrants on file.[16]

In a federal habeas corpus petition executed on September 9, 2015, Petitioner complains that prison officials incorrectly calculated his sentence following the 2014 revocation of his parole. Specifically, Petitioner contends that (1) TDCJ has unlawfully extended his sentence because TDCJ deducted his street-time from the time he has served; (2) TDCJ wrongfully added five years to his sentence because his time served did not stop while he was on parole; (3) TDCJ unlawfully denied street-time credit because he has completed more than half of his remaining sentence; and (4) TDCJ should restore street-time and good-time for good behavior because he has gone 15 months without a disciplinary conviction.[17] Petitioner seeks his release from custody because he contends he has met his obligation and completed his sentence.[18] For the reasons outlined below, the Court concludes that this petition should be dismissed on the merits.

---

[12] *Id.*

[13] *See* Docket Entry No. 17 at 3.

[14] *Id.*

[15] Affidavit of Charley Valdez at 5.

[16] *Id.*

[17] Petition at 6-7.

[18] *Id.* at 7.

## II.   Standard of Review

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, in any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party bears the burden of initially raising the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.,* 37 F.3d 224, 227 (5th Cir. 1994).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

To the extent that the petitioner's claims were adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. §2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas

review. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations omitted). AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *See Harrington v. Richter,* 562 U.S. 86, 98 (2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99.

A federal habeas court can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Berghuis v. Thompkins,* 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)). The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent, *Richter*, 562 U.S. at 102, or where the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir.1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines,* 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion.

*Martin v. Harrison County Jail,* 975 F.2d 192, 193 (5th Cir. 1992).

A motion for summary judgment "cannot be granted simply because there is no opposition." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the unopposed motion and grant summary judgment when a prima facie showing for entitlement to judgment is made. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

### III. Discussion

Petitioner does not challenge his underlying conviction for aggravated assault with a deadly weapon. Instead, Petitioner challenges the calculation of his sentence after the revocation of his parole. Respondent contends that Petitioner did not completely and properly exhaust his state remedies before filing this federal habeas petition, and, alternatively, that Petitioner's claims lack merit.[19] A court may deny an application for a writ of habeas corpus on the merits regardless of whether an applicant exhausted all available remedies. 28 U.S.C. § 2254(b)(2).

Petitioner's claim that TDCJ unconstitutionally extended his prison sentence by not crediting him for time spent on parole ("street-time") has no legal merit. In order to establish a due process violation, a petitioner must show deprivation of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *see also Sandin v. Conner*, 515 U.S. 472 (1995). "Protected liberty interests 'may arise from two sources – the Due Process Clause itself and the laws of the States.'" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

---

[19] Because the Court will deny the petition on the merits, it is not necessary to address Respondent's argument regarding exhaustion further. *See* 28 U.S.C. § 2254(b)(2).

The Due Process Clause does not create a protected liberty interest in street-time credit. *See Rhodes v. Thaler*, 713 F.3d 264, 266 & n.9 (5th Cir. 2013) (citing *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001)); *see also Greenholtz*, 442 U.S. at 7 (holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence" under the Due Process Clause). To the extent that Petitioner's claims rest on an interest created in Texas state law, only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487.

"According to Texas law, an inmate whose supervised release was revoked before September 1, 2001 was not entitled to credit against his sentence for the street-time he had accumulated following the date of his release to the date of his revocation." *Savage v. Quarterman*, No. Civ. A. H-07-0772, 2007 WL 2870985, at *6–8 (S.D. Tex. Sept. 27, 2007) (citing Tex. Gov't Code Ann. § 508.283(b) (Vernon 2004), *formerly codified at* Tex. Crim. Proc. Code art. 42.18, § 14(a)). Thus, Texas statutory law did not create a protected liberty interest in street-time accrued prior to Petitioner's May 2000 revocation, and Petitioner does not allege that his 1999 parole was granted in error. *See Thompson*, 263 F.3d at 426.[20] For Petitioner's revocations which occurred after 2001, the governing Texas statute on street-time credit applicable in Petitioner's case provided as follows:

---

[20] As the Fifth Circuit explained in *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013), the narrow judicial exception carved out in *Ex parte Morris*, 626 S.W.2d 754, 757 (Tex. Crim. App. 1982) (en banc) has been overruled by *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003) (en banc).

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b) (West 2017).

Petitioner does not challenge the facial validity of that statute, nor does he deny that his conviction for aggravated assault with a deadly weapon comes within the purview of section 508.149(a). Texas Government Code § 508.149(a) provides, in pertinent part: "An inmate may not be released to mandatory supervision if the inmate is serving a sentence or has been previously convicted of: (1) an offense for which the judgment contains an affirmative finding under Article 42A.054(c) or (d), Code of Criminal Procedure." Tex. Gov't Code § 508.149(a). Texas Code of Criminal Procedure 42A.054(c) concerns the use or exhibition of a deadly weapon in the commission of the crime in question. *See* Tex. Code Crim. P. art. 42A.054(c). Respondent contends, and Petitioner does not dispute, that Petitioner was convicted of aggravated assault *with a deadly weapon*.[21] Section 508.283(c) is inapplicable to Petitioner because he has not shown that he is "a person other than a person described by section 508.149(a)." *See* Tex. Gov't Code § 508.283(c). Therefore, he is required to serve the remaining portion of his sentence "without credit for the time from the date of [his] release to the date of revocation." Tex. Gov't Code § 508.283(b).

Petitioner nonetheless contends that the denial of street-time will cause him to be incarcerated beyond the date originally calculated by TDCJ as the maximum expiration date on his sentence. Contrary to Petitioner's contentions and as set forth in detail above, Petitioner has

---

[21] *See* Docket Entry No. 17 at 2 (emphasis added).

no protected liberty interest in receiving street-time credit for the period that he was released on parole. *See Johnson v. Quarterman*, 304 F. App'x 234, 236 (5th Cir. 2008). Moreover, as a person described by section 508.149(a), "he is not entitled to street-time credit." *Rhodes*, 713 F.3d at 267. Thus, the denial of street-time credit and the concomitant recalculation of Petitioner's maximum sentence expiration date did not increase Petitioner's prison sentence beyond the original prison term handed down by the trial court. Accordingly, Petitioner's claim regarding street-time credit will be dismissed.

Likewise, Petitioner's contention that he is entitled to the restoration of good-time credit that he earned prior to his release to parole similarly fails. "The United States Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison." *Savage*, 2007 WL 2870985, at *4 (citing *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997)). Under Texas law, good-time credit earned by prisoners "is a privilege and not a right." Tex. Gov't Code Ann. § 498.003(a) (West 2017) (eff. Sept. 1, 1999). Texas law also provides: "On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued." *Id*. § 498.004(b). The Fifth Circuit has confirmed that Texas inmates have no protected liberty interest in the restoration of forfeited good-time credits. *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997). Accordingly, Petitioner's claim for the restoration of good-time credits that were forfeited as a result of the revocation of his parole states no federal claim. Because Petitioner does not establish a federal constitutional claim in connection with the calculation of his sentence, his petition must be dismissed.

## IV.   Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's ruling. Therefore, a certificate of appealability from this decision will not issue.

**V.** <u>**Conclusion and Order**</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Docket Entry No. 17) is **GRANTED**.

2. Petitioner's federal petition for a writ of habeas corpus is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 7th day of March, 2017.

*/s/ Melinda Harmon*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE